## Isidore B. Rappaport et al. v. James A. Miller.

1. LANDLORD AND TENANT—*Eviction is a Question of Fact for the Jury.*—The question of eviction is one of fact dependent on the circumstances of the particular case, to be determined by the jury.

Action for Rent.—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed March 31, 1903.

LEON ZOLOTKOFF, attorney for appellants.

H. M. MATTHEWS, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee recovered judgment for one installment of rent due from appellants by the terms of a written lease. The lease was for a term of eleven months, from June 1, 1896, to April 31, 1897, but appellants vacated after something over two months' occupancy. The defense is an alleged eviction by appellee during August, 1896.

There is evidence tending to show that appellants were moving out their things with the aid of one Silverman who claimed to have purchased them. Appellee thereupon distrained for the rent due and placed a custodian in charge. The evidence which it is claimed tended to show an eviction was that this custodian refused appellants admission to the premises. The evidence is conflicting as to what occurred and no reason appears for interference with the finding of the jury in favor of appellee. "The question is one of fact dependent on the circumstances of the particular case, and to be determined by the jury." Barrett v. Broddie, 158 Ill. 479–483.

This suit was for rent alleged to be due under the lease for the month of September, 1896. The lease was put in evidence, and there is evidence that demand had been made. It is not denied that if there was no eviction the amount claimed was due. There was evidence which

tended to show that appellants were endeavoring to dispose of or remove their effects from the premises with an intention of abandoning. We find no errors in the instructions as they appear in appellants' brief. No instructions, however, are set forth in the abstract, and alleged errors in that respect are not before us.

The judgment of the Circuit Court must be affirmed.

Mr. Justice BURKE did not participate.